**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Khanh Phuong NGUYEN,**
**Defendant–Appellant.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

United States of America,
Plaintiff–Appellee,

v.

Tuyet Mai Thi Phan, Defendant–
Appellant.

Nos. 00–10353, 00–10406.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2004.

Decided Nov. 12, 2004.

Mark E. Kondas, Esq., Office of the U.S. Attorney, Hagatna, GU, for Plaintiff–Appellee.

Howard Trapp, Esq., Howard Trapp, Esq., Rawlen Mantanona, Esq., Law Office of Rawlen Mantanona, Hagatna, GU, for Defendant–Appellant.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## ORDER

The memorandum disposition filed June 8, 2004 is withdrawn. The petition for rehearing is denied as moot.

## MEMORANDUM *

Khanh Nguyen and Tuyet Phan appeal their convictions for conspiracy to import methamphetamine (Count 1), aiding and abetting the importation of methamphetamine (Count 2), and attempting to possess with intent to distribute more than fifty grams of methamphetamine (Count 3). They argue that evidence was improperly admitted at trial, that the evidence was insufficient to support their convictions, and that Phan should have been sentenced as a minor participant. We reverse the convictions on Counts 1 and 2, affirm the convictions on Count 3, and remand for resentencing on the remaining count.

The district court properly admitted evidence of Nguyen's and Phan's familial relationship with Thanh Phuong Nguyen, whose driver's license address matched that indicated on the package of drugs delivered to Phan and opened by Nguyen. *See United States v. Hicks,* 103 F.3d 837, 843 (9th Cir.1996) (evidentiary rulings reviewed for abuse of discretion). It was relevant to whether Phan and Nguyen knew they were receiving a package containing drugs based on the coded words and numbers on the package's address label. The probative value of the evidence was not "substantially outweighed by the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

danger of unfair prejudice." Fed R. Evid. 403.

■ There was sufficient direct and circumstantial evidence to support Phan's and Nguyen's convictions on Count 3. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In addition to evidence from which the jury could conclude that the numbers on the package were a code used to signal that drugs were inside, there also was evidence showing that: 1) Nguyen and Phan were related to each other and to the sender of the package; 2) Phan engaged in furtive driving and conduct immediately after retrieving the package; 3) Phan and the person who sent the package likely used Americanized assumed names; 4) cylinders formerly containing methamphetamine were found in Phan's bathtub and toilet when agents entered her apartment; 5) Nguyen was in Phan's apartment at or near the time those items were placed there; 6) "clue spray" was found on Nguyen's hands; and 7) drug paraphernalia was found in Nguyen's apartment.

■ Moreover, the actual quantity of drugs in the package is uncontested; the fact that defendants possess large amounts of drugs can be sufficient on its own to establish intent to distribute. Thus, the large quantity in this case provides evidence of intent to distribute on its own, without any showing of knowledge regarding quantity. *See* Martin J. McMahon, Annotation, *Sufficiency of Evidence that Possessor of Cocaine Had Intent to Distribute It, so as to Violate 21 U.S.C.A. § 841(A)(1),* 80 A.L.R. Fed. 397 § II.3 (2004) (collecting cases). The quantity (between $150,000 and $200,000 worth of methamphetamine) in question meets this standard. *See United States v. Sanchez–Lopez,* 879 F.2d 541, 557–58 (9th Cir.1989) (574 grams of heroin a "significant amount").

A reasonable factfinder could conclude that the evidence provided by the government indicates enough knowledge about the package's contents on the part of both defendants to establish that they knew both what and how much they were receiving.

■ As the government concedes, reversal is required on Counts 1 and 2. The transit of drugs through international airspace en route from California to Guam does not constitute "importation" within the meaning of 21 U.S.C. § 952(a). *United-ed States v. Cabaccang,* 332 F.3d 622, 635 (9th Cir.2003) (en banc). At trial, no evidence was presented that the package was delivered any way other than by non-stop flight from California to Guam.

The district court correctly found that Phan was not entitled to an offense level adjustment for being a minor participant. U.S.S.G. § 3B1.2. *See United Sates v. Benitez,* 34 F.3d 1489, 1497 (9th Cir.1994) (a ruling that a defendant is not entitled to a § 3B1.2 role adjustment is reviewed for clear error).

■ Nguyen and Phan's sentences run afoul of *Blakely, Apprendi,* and this Circuit's holding in *United States v. Banuelos. See Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (holding that any finding exposing a defendant to a greater sentence beyond that authorized by admission and jury findings violates right to trial by jury); *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *U.S. v. Banuelos,* 322 F.3d 700 (9th Cir.2003). *Banuelos* mandates that "where [a drug quantity] finding exposes the [defendant] to a higher statutory maximum than he otherwise would face, the finding must be made by the jury...." *Banuelos,* 322 F.3d at 702. The district court's adoption of the presentencing report and concomitant finding of

drug quantity exposed the defendants, under the Sentencing Guidelines, to greater maximums, in violation of *Blakely* and *Banuelos.*

We reverse Appellants' convictions on Counts 1 and 2, affirm their convictions on Counts 3, and remand for resentencing on the remaining count.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.